UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| AMADY LAZARO DOMINGUEZ-RUIZ, | Case No. 2:26-cv-00189-TMC |
| Petitioner, | ORDER DENYING MOTION FOR TRO |
| v. | |
| KRISTI NOEM, et al., | |
| Respondents. | |

This matter comes before the Court on Petitioner's motion for a temporary restraining order ("TRO"). Dkt. 3. For the reasons described below, the Court DENIES the motion.

Petitioner is a citizen of Cuba who has resided in the United States since he arrived on May 17, 2022, and was released after a brief detention with a notice to appear. Dkt. 1 ¶¶ 15–16. Petitioner was re-detained in immigration court after an Immigration Judge ("IJ") dismissed his proceedings and placed him in expedited removal on May 27, 2025. *Id*. ¶ 17. Petitioner is currently detained at the Northwest Immigration and Customs Enforcement Processing Center ("NWIPC"). *Id*. ¶ 1.

On January 18, 2026, Petitioner filed a petition for writ of habeas corpus arguing that his detention violated his Due Process rights and the Immigration and Nationality Act. *Id*. ¶¶ 23–46.

ORDER DENYING MOTION FOR TRO - 1

On January 20, the Court issued a scheduling order requiring Respondents to provide 48 hours' notice before any attempt to transfer Petitioner out of this district or remove him from the United States. Dkt. 2. On January 27, Petitioner filed a motion for a temporary restraining order requiring his immediate release from custody and preventing Respondents from transferring Petitioner out of this district. Dkt. 3.

A party seeking a TRO "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *United States v. City of Seattle*, 474 F. Supp. 3d 1181, 1185 (W.D. Wash. 2020) ("The standard for issuing a TRO is the same as the standard for issuing a preliminary injunction."). When a party seeks a TRO against the government, the third and fourth factors merge. *Drakes Bay Oyster Co. v. Jewell*, 747 F.3d 1073, 1092 (9th Cir. 2014). In the Ninth Circuit, a party may also obtain a TRO by demonstrating "'serious questions going to the merits' and a balance of hardships that tips sharply" in the party's favor, so long as the party also shows "that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Fraihat v. U.S. Immigr. & Customs Enf't*, 16 F.4th 613, 635 (9th Cir. 2021) (quoting *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011)); *City of Seattle*, 474 F. Supp. 3d at 1185–87 (applying the "serious questions" standard to a request for a TRO).

Petitioner fails to show a likelihood of irreparable harm in the absence of preliminary relief. The Court has scheduled briefing on the merits of his habeas petition and noted the petition for consideration on February 9, 2026—less than two weeks from today. Dkt. 2. The Court will address the petition promptly once the briefing is complete. Petitioner argues that continued detention constitutes a loss of physical liberty and economic harm from loss of work. Dkt. 3 at 2–3. But Petitioner fails to specify how these harms might intensify between now and

ORDER DENYING MOTION FOR TRO - 2

when the Court decides on the merits of the habeas petition. Instead, Petitioner's TRO mostly seeks to obtain the relief sought in his habeas petition on an expedited basis. As explained in this Court's General Order 10-25 on immigration habeas petitions, this type of filing is discouraged, and "[m]otions for temporary restraining orders should be reserved for matters where the petitioner alleges imminent, irreparable harm, such as imminent removal from the United States." General Order 10-25 (Dec. 18, 2025). This District is handling an unprecedented volume of immigration habeas cases, all of which, by their very nature, concern petitioners who allege they are unlawfully in custody. The filing of emergency motions in situations where there is not imminent, irreparable harm does nothing but delay the overall adjudication of these important cases. Furthermore, the Court's scheduling order provides a procedure for either party to request expedited briefing on the habeas petition (which Petitioner has not sought). *See* Dkt. 2 at 2–3.

Petitioner also provides no facts—such as any statements by NWIPC officials—indicating that his transfer out of this district is likely. Consistent with General Order 10-25 and this Court's scheduling order, Respondents must provide Petitioner "least 48 hours' notice (or 72 hours' notice if the period extends into a weekend, holiday, or date the Court is closed) prior to any action to move or transfer [him] from the Western District of Washington or to remove [him] from the United States." Dkt. 2 ¶ 3. This notice allows Petitioner and his counsel to seek emergency relief if needed. No other protections are warranted now.

Because Petitioner has not met the standard for a TRO, the Court DENIES his motion. Dkt. 3.

//

//

ORDER DENYING MOTION FOR TRO - 3

Dated this 27th day of January, 2026.

Tiffany M. Cartwright
United States District Judge