UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| AMADY LAZARO DOMINGUEZ-RUIZ, | Case No. 2:26-cv-00189-TMC |
| Petitioner, | ORDER ON HABEAS PETITION |
| v. | |
| KRISTI NOEM, et al., | |
| Respondents. | |

Petitioner Amady Lazaro Dominguez-Ruiz is an individual who is detained at the Northwest Immigration and Customs Enforcement Processing Center ("NWIPC") in Tacoma, Washington. He petitions the Court under 28 U.S.C. § 2241 for relief from physical custody, arguing that he was mandatorily detained without a bond hearing in violation of the Immigration and Nationality Act ("INA") and the Due Process Clause.

For the reasons stated below, the Court GRANTS the petition for writ of habeas corpus.

## I.   BACKGROUND

Petitioner is a citizen of Cuba who arrived in the United States on May 17, 2022, when he crossed the border and was detained by United States Border Patrol officers. Dkt. 1 ¶ 15. Petitioner was served with a Notice to Appear ("NTA") charging him as removable under Section 212(a)(6)(A)(i) of the INA for entering the United States without being admitted or

ORDER ON HABEAS PETITION - 1

paroled, then released on an order of recognizance. *Id*. ¶ 16; Dkt. 8 ¶¶ 5–6. Petitioner was re-detained on May 27, 2025, when an Immigration Judge ("IJ") granted the Department of Homeland Security's ("DHS") motion to dismiss his immigration proceedings and place him in expedited removal. Dkt. 1 ¶ 17; Dkt. 8 ¶ 7.[1] Petitioner appealed that decision to the Board of Immigration Appeals ("BIA"). Dkt. 1 ¶ 18. DHS notified the BIA that it did not oppose remanding the case to be heard by the IJ under the original NTA issued in 2022. Dkt. 8 ¶ 9. On January 22, 2026, the BIA remanded the matter for continued removal proceedings before the IJ. *Id*. ¶ 12; Dkt. 9-6.

On January 18, 2026, Petitioner filed a petition for a writ of habeas corpus, arguing that (1) he is entitled to a bond hearing and not subject to mandatory detention because Respondents seek to remove him under 8 U.S.C. § 1226(a); and (2) his detention has become unreasonably prolonged in violation of due process. Dkt. 1 ¶¶ 23–49. Petitioner appears to seek release from detention or, in the alternative, a bond hearing. Dkt. 1 ¶¶ 64–67; Dkt. 11 at 10.

## II.    LEGAL STANDARD

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). A habeas petitioner must prove by the preponderance of the evidence that he is "in custody in violation of the Constitution or laws or treaties of the United States." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); 28 U.S.C. § 2241(c).

//

//

---

[1] The IJ also denied Petitioner's request for a bond hearing on October 9, 2025, on the grounds that Petitioner was subject to mandatory detention pursuant to *In re Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025). Dkt. 9-5.

ORDER ON HABEAS PETITION - 2

### III. DISCUSSION

**A.   Petitioner is detained under 8 U.S.C. § 1226(a).**

The parties here disagree on whether Petitioner is detained under Section 236 of the INA (8 U.S.C. § 1226(a)), which permits release on bond during a detainee's removal proceedings, or section 235 of the INA (8 U.S.C. § 1225(b)(2)), which mandates that a detainee who is an "applicant for admission" and "seeking admission" to the United States must remain in custody. *See Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018) (describing § 1226(a) as the "default rule" for noncitizens who were "already present in the United States" before being detained in immigration facilities). Respondents maintain Petitioner is subject to mandatory detention under § 1225(b)(2), consistent with DHS's nationwide practice of treating immigration detainees charged under 8 U.S.C. § 1182(a)(6)(A)(i) as "seeking admission" to the United States. *See* Dkt. 7 at 2 (citing *In re Yajure Hurtado*, 29 I. & N. Dec. 216). Under Respondents' interpretation of the INA, Petitioner is ineligible for release on bond. *See In re Yajure Hurtado*, 29 I. & N. Dec. at 229.

This Court has previously held that petitioners apprehended on arrival may be "subject to detention under § 1226(a) if the government had treated them as subject to discretionary detention since their arrival." *Maldonado v. Scott*, No. 2:26-CV-00014-TMC, 2026 WL 251819, at *2 (W.D. Wash. Jan. 30, 2026) (citing *Del Valle Castillo v. Wamsley*, No. 2:25-CV-02054-TMC, 2025 WL 3524932, at *4–5 (W.D. Wash. Nov. 26, 2025)). Petitioner received such treatment here—he was charged as inadmissible pursuant to § 212(a)(6)(A)(i), released "due to lack of bed space," then re-detained three years later. Dkt. 8 ¶¶ 5–7. An IJ dismissed the original NTA and placed Petitioner in expedited removal proceedings. *Id*. ¶¶ 7–8. The BIA then reversed that decision, remanding and continuing Petitioner's immigration proceedings under the original NTA. *Id*. ¶12.

ORDER ON HABEAS PETITION - 3

For the reasons explained in *Maldonado* and *Del Valle Castillo*, Petitioner—who was previously released from immigration custody and whose initial removal proceedings were terminated and then reinstated—is not "seeking admission" under § 1225(b)(2).[2] Therefore, he is subject to the "default rule" of § 1226(a) and is entitled to consideration for release on bond. *See Jennings*, 583 U.S. at 303.

**B.      A bond hearing will redress Petitioner's specific harm.**

Petitioner argues for the first time in his reply that he should be immediately released because his detention has become "unreasonably prolonged." Dkt. 11 at 3–5 (citing *Banda v. McAleenan*, 385 F. Supp. 3d 1099, 1106 (W.D. Wash. 2019)). As an initial matter, the court in *Banda* found that "unreasonably prolonged detention under § 1225(b) *without a bond hearing* violates due process." *Banda*, 385 F. Supp. 3d at 1106 (emphasis added). *Banda* does not require immediate release, and a *Banda* analysis is not necessary here because this Court has already found that Petitioner is detained under § 1226(a) and entitled to a bond hearing.

A bond hearing is all the relief that is warranted at this time. "In modern habeas practice, courts often 'employ a conditional order of release,' which orders the government to release the petitioner unless it 'takes some remedial action' that corrects" the government's violation of the law. *Cardozo v. Bostock*, No. 2:25-CV-00871-TMC, 2025 WL 2592275, at *2 (W.D. Wash. Sept. 8, 2025) (quoting *Harvest v. Castro*, 531 F.3d 737, 741–42 (9th Cir. 2008)). A conditional writ is the "typical relief granted" in a federal habeas case. *Doe v. Garland*, 109 F.4th 1188, 1193 (9th Cir. 2024) (quoting *Herrera v. Collins*, 506 U.S. 390, 403 (1993)). After issuing a conditional writ, a district court retains jurisdiction to ensure compliance with the writ and may

---

[2] Respondents "acknowledge that this Court's decision in *Maldonado* would control the result here if the Court adheres to that decision, as the facts are similar for the purposes of the Court's decision on the legal issue of which statutory provision authorizes Petitioner's detention." Dkt. 7 at 4–5 (citing *Maldonado*, 2026 WL 251819, at *3).

ORDER ON HABEAS PETITION - 4

order unconditional release if the government fails to comply with the initial habeas order. *Rose v. Guyer*, 961 F.3d 1238, 1246 (9th Cir. 2020).

Petitioner's request for release is premature. Section 1226 requires only consideration of release on bond, and a bond hearing will therefore both correct Respondents' unlawful application of § 1225(b)(2) to this Petitioner and cure any due process violation arising from the application of that incorrect statutory framework. *See* 8 U.S.C. § 1226(a). If Respondents fail to comply with this order, Petitioner may seek further relief from the Court at that time.[3]

**IV.   CONCLUSION**

1. For these reasons, the Court GRANTS the petition for writ of habeas corpus. Dkt. 1.

2. Within fourteen days of receiving Petitioner Amady Lazaro Dominguez-Ruiz's request for a bond hearing, Respondents must either release him or provide him a bond hearing under 8 U.S.C. § 1226(a).

Any fee petition should be filed within the deadlines set by the Equal Access to Justice Act, 28 U.S.C. § 2412.

Dated this 20th day of February, 2026.

Tiffany M. Cartwright
United States District Judge

---

[3] Because the Court finds that Petitioner's detention without a bond hearing violates the INA, it need not consider his claim that Respondents' actions also violate the Administrative Procedure Act. Dkt. 1 at 14.

ORDER ON HABEAS PETITION - 5